UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

KAREN DELGADO, on behalf of herself, and others similarly situated,

                        Plaintiff,

v.

419 E. 70TH CAFÉ, INC., doing business as YORK GRILL AND JUICE BAR, and AMINE NAGI and ADEL NAGI, individually,

                        Defendants.

------------------------------------------------------------------X

Case No: 1:22-cv-07446-LGS

**DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants 419 E. 70th Café, Inc., doing business as York Grill and Juice Bar, Amine Nagi and Adel Nagi, (collectively referred to herein as "Defendants," where not referred to individually by name), by and through their undersigned counsel, hereby provide their Answer, affirmative defenses, and Counterclaims to the Complaint in an FLSA Collective Action Complaint (hereafter, "the Complaint") of Karen Delgado filed on behalf of herself and others similarly situated (collectively referred to herein as "Plaintiff") and state as follows:

## AS TO "INTRODUCTION"

1. Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2. Defendants deny the allegations set forth in Paragraph 2 of the Complaint

## AS TO "JURISDICTION AND VENUE"

3. Defendants aver that the allegations contained in Paragraph 3 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants aver that the allegations contained in Paragraph 4 of the Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

## AS TO "THE PARTIES"

*THE PLAINTIFF*

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, except admit the truth of the allegations that Plaintiff worked for the answering Defendant 419 E. 70th Café, Inc., doing business as York Grill and Juice Bar for a period(s) of time from on or about November 23, 2020 until on or about July 10, 2022.

*THE DEFENDANTS*

7. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, except admit the truth of the allegations that Defendant 419 E. 70th Café, Inc. is a domestic business corporation organized under the laws of the State of New York located at 419 E 70th St, New York, NY 10021.

8. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, except admit the truth of the allegations that the answering Defendant Amine Nagi participates in the operations of Defendant 419 E. 70th Café, Inc.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 11 of the Complaint as the term "crucial business policies" as alleged by Plaintiff is ambiguous such that Defendants cannot admit or deny the truth thereof.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants aver that the allegations contained in Paragraph 13 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants aver that the allegations contained in Paragraph 14 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants aver that the allegations contained in Paragraph 16 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants aver that the allegations contained in Paragraph 17 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

## AS TO "STATEMENT OF FACTS"

24. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, except admit the truth of the allegations that Plaintiff Karen Delgado worked for the answering Defendant 419 E. 70th Café, Inc., for a period(s) of time from on or about November 23, 2020 until on or about July 10, 2022.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants aver that the allegations contained in Paragraph 29 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 29 of the Complaint, except admit the truth of the allegations that Defendant 419 E. 70th Café, Inc. did not hire Plaintiff as a tipped employee.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 31 of the Complaint as the term "fluctuated," as alleged by Plaintiff is ambiguous such that Defendants cannot admit or deny the truth thereof.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 34 of the Complaint as the term "punch" or "time clock," as alleged by Plaintiff is ambiguous such that Defendants cannot admit or deny the truth thereof.

35. Defendants aver that the allegations contained in Paragraph 35 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 37 of the Complaint as the term "any accounting" as alleged by Plaintiff is ambiguous such that Defendants cannot admit or deny the truth thereof.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 38 of the Complaint as the term "at other times" or "company check," as alleged by Plaintiff is ambiguous such that Defendants cannot admit or deny the truth thereof.

39. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint. To the extent an answer is

required, Defendants deny the allegations set forth in Paragraph 39 of the Complaint as the term "wage statement" or "pay stub," as alleged by Plaintiff is ambiguous such that Defendants cannot admit or deny the truth thereof.

## AS TO "STATEMENT OF CLAIM"

### As to "COUNT I"
### [Violation of the Fair Labor Standards Act]

40. Defendants repeat and reiterate their responses to paragraphs "1" through "39" above of this Answer as if fully stated herein.

41. Defendants aver that the allegations contained in Paragraph 41 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants aver that the allegations contained in Paragraph 42 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the truth of the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the truth of the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the truth of the allegations in Paragraph 45 of the Complaint.

46. Defendants aver that the allegations contained in Paragraph 46 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants aver that the allegations contained in Paragraph 47 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants aver that the allegations contained in Paragraph 48 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the truth of the allegations in Paragraph 49 of the Complaint.

50. Defendants aver that the allegations contained in Paragraph 50 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the truth of the allegations in Paragraph 51 of the Complaint.

52. Defendants aver that the allegations contained in Paragraph 52 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the truth of the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the truth of the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the truth of the allegations in Paragraph 55 of the Complaint.

### As to "COUNT II"
### [Violation of the New York Labor Law]

56. Defendants repeat and reiterate their responses to paragraphs "1" through "55" above of this Answer as if fully stated herein.

57. Defendants aver that the allegations contained in Paragraph 57 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the truth of the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the truth of the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the truth of the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the truth of the allegations in Paragraph 61 of the Complaint.

### As to "COUNT III"
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

62. Defendants repeat and reiterate their responses to paragraphs "1" through "61" above of this Answer as if fully stated herein.

63. Defendants aver that the allegations contained in Paragraph 63 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants aver that the allegations contained in Paragraph 64 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint. To the extent an answer is required, Defendants deny the allegations set forth in Paragraph 65 of the Complaint as the term "properly accounting" as alleged by Plaintiff is ambiguous such that Defendants cannot admit or deny the truth thereof.

66. Defendants deny the truth of the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the truth of the allegations in Paragraph 67 of the Complaint.

68. Defendants aver that the allegations contained in Paragraph 68 of the Complaint call for legal conclusions. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the truth of the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the truth of the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the truth of the allegations in Paragraph 71 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants deny the allegations contained in the unnumbered paragraphs asserting prayer for relief and its subparagraphs, and aver that Plaintiff and the FLSA Collective Members are not entitled to any of the relief requested therein or any other relief.

## AS TO "JURY DEMAND"

Defendants admit that Plaintiff purports to demand trial by jury on all issues pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belongs to Plaintiff. Defendants reserve the right to amend their answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief as Plaintiff's Complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief due to unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any and all damages alleged were not "willful" under the NYLL.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any and all damages alleged were not "willful" under the FLSA.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief because Defendants properly paid Plaintiff for all hours worked.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail based on the Statute of Limitations and Plaintiff's failure to exhaust administrative remedies.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is exempt from the NYLL.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is exempt from the FLSA.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

At all times herein, Defendants used good faith in calculating Plaintiff's compensations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The individual Defendants are not liable under the NYLL.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The individual Defendants are not liable under the FLSA.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendants are not "employers" under the NYLL.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are not "employers" under the FLSA.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not common enough to sustain a collective action.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not typical enough to sustain a collective action.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

At all times, Defendants made complete and timely payment to Plaintiff for all wages due.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

At all times Defendants believed, in good faith, that they were not required to provide 195.1 Statements to Plaintiff.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

At all times Defendants believed, in good faith, that they were not required to provide 195.3 paystubs to Plaintiff.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not similarly situated enough to maintain a collective action.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses as Plaintiff's claims are clarified in the course of this litigation.

## IN SUPPORT OF THEIR COUNTERCLAIMS, DEFENDNATS ALLEGE AS FOLLOWS:

1. Plaintiff worked as a cashier and store attendant at 419 E. 70th Café, Inc., doing business as York Grill and Juice Bar (hereafter, "YORK GRILL AND JUICE BAR") in Manhattan, New York for a period of time between November 23, 2020 and July 10, 2022.

2. Plaintiff was terminated from YORK GRILL AND JUICE BAR for, among other reasons, stealing money from the cash register and tip jar.

3. Prior to Plaintiff's termination, she has been reported by other employees of YORK GRILL AND JUICE BAR for pocketing money from the cash register and tip jar.

4. At least during the final four (4) months of Plaintiff's employment with YORK GRILL AND JUICE BAR, Plaintiff developed habit of routinely stealing money from Defendants.

5. While on duty at YORK GRILL AND JUICE BAR, Plaintiff took a portion of cash from the cash register and tip jar and deposited the cash into her own pocket.

6. On certain occasions, Plaintiff would bypass the cash register, charge YORK GRILL AND JUICE BAR's customers for their purchase directly and deposit the cash on her person.

7. Plaintiff's conversion of money from Defendants into her own pocket was witnessed by other employees of YORK GRILL AND JUICE BAR, and reported the same to Defendant Amine Nagi.

8. In April 2022, Plaintiff was caught on video surveillance on multiple occasions removing a portion of cash payment from the cash register to her pocket and underneath her apron and diverting YORK GRILL AND JUICE BAR's customers' cash payment to her pocket, and was subsequently terminated by Defendant Amine Nagi as a primary result.

9. Plaintiff wrongfully converted approximately $7,200 in cash over a four (4) month period.

10. The brining of the instant lawsuit against Defendants is simply a part of Plaintiff's attempts at revenge for being terminated for, among other reasons, pocketing YORK GRILL AND JUICE BAR's cash revenue and taking other employees' tips form the tip jar.

**AS AND FOR A FIRST COUNTERCLAIM: CONVERSION**

11. Defendants repeat and reallege, and incorporate herein the allegations of the foregoing counterclaim paragraphs.

12. The conduct of Plaintiff as set forth above represented a wrongful unauthorized exercise of control over income properly due to Defendants, and Plaintiff interfered with and was in defiance of Defendants' superior right to these funds.

13. As a result of the foregoing, Defendants have been injured, and are entitled to special and exemplary damages, in an amount to be determined at trial.

**AS AND FOR A SECOND COUNTERCLAIM: BREACH OF DUTY OF LOYALTY**

14. Defendants repeat and reallege, and incorporate herein the allegations of the foregoing counterclaim paragraphs.

15. Plaintiff was obligated under New York law to be loyal to Defendants YORK GRILL AND JUICE BAR and Amine Nagi and was prohibited from acting in any manner inconsistent with her agency or trust, and was at all times bound to exercise the utmost good faith and loyalty in the performance of her duties. Plaintiff breached that duty of loyalty.

16. While employed at YORK GRILL AND JUICE BAR, Plaintiff converted money belonging to Defendants and YORK GRILL AND JUICE BAR's service staff while she was supposed to be working as a cashier and general store attendant.

17. During the period of Plaintiffs disloyal service, Defendant YORK GRILL AND JUICE BAR paid Plaintiff substantial sums of money for her hours worked based upon the understanding that Plaintiff was providing loyal services to which an employer is entitled.

18. Defendant YORK GRILL AND JUICE BAR did not receive the loyal service of its employee and moreover has been harmed by Plaintiff's faithless actions.

19. As a result of the foregoing, Defendants have been injured, and are entitled to special and exemplary damages, in an amount to be determined at trial.

### AS AND FOR A THIRD COUNTERCLAIM: UNJUST ENRICHMENT

20. Defendants repeat and reallege, and incorporate herein the allegations of the foregoing counterclaim paragraphs.

21. The actions of Plaintiff as alleged and set forth herein were designed to cause injury to Defendants and to deprive Defendants of its business assets and income without any cause or justification therefore.

22. Plaintiff was enriched by pocketing YORK GRILL AND JUICE BAR's cash revenue and taking other employees' tips form the tip jar at Defendants' expense.

23. Plaintiff's action, for pocketing money from the cash register and tip jar and depositing customers' cash payment on her person, is against equity and good conscience to permit Plaintiff to retain YORK GRILL AND JUICE BAR's cash revenue that Defendants seek to recover.

24. As a result of the foregoing, Defendants have been injured, and are entitled to special and exemplary damages, in an amount to be determined at trial.

### DEFENDANTS' RELIEF REQUESTED

**WHEREFORE**, Defendants pray for judgment as follows:

A.    That Plaintiff's Complaint be dismissed in its entirety;

B.    On Defendants' First Counterclaim, Defendants be awarded damages m an amount to be determined at trial;

C.    On Defendants' Second Counterclaim, Defendants be awarded damages m an amount to be determined at trial;

D. On Defendants' Third Counterclaim, Defendants be awarded damages m an amount to be determined at trial;

E. Award Defendants their reasonable and necessary attorneys' fees and costs; and,

F. Grant Defendants such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

Dated: Flushing, New York
October 14, 2022

           Respectfully Submitted,

           **SEO LAW GROUP, PLLC**

           By: _____/s/ *Diana Seo*_____
           Diana Y Seo, Esq.
           136-68 Roosevelt Ave., Suite 726
           Flushing, NY 11354
           Tel: (718) 500-3340
           Email: diana@seolawgroup.com
           *Attorneys for Defendants*

To:
Peter H. Cooper, Esq.
CILENTI & COOPER, PLLC
New York, NY 10166
T. (212) 209-3933
Email: pcooper@jcpclaw.com
*Attorneys for Plaintiff*