# CILENTI & COOPER, PLLC
## ATTORNEYS AT LAW
60 East 42nd Street - 40th Floor
New York, New York 10165

_____

Telephone (212) 209-3933
Facsimile (212) 209-7102

October 17, 2022

***PLAINTIFF'S PRE-MOTION LETTER***

**BY ECF**

Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>    Re:   Karen Delgado, et. al. v. 419 E. 70th Cafe, Inc., et. al.
>          Case No.  22 Civ. 7446 (LGS)

Dear Judge Schofield,

We are counsel to plaintiff Karen Delgado ("plaintiff") in the above-referenced action brought pursuant to the Fair Labor Standards Act and New York Labor Law. This letter is sent pursuant to the court's Individual Practices, Sec. III(C)(2), to schedule a dispositive motion dismissing defendants' counterclaim pursuant to Fed. R. Civ. P. 12.

This court lacks subject matter jurisdiction over the state law counterclaim because (1) there is no connection between the counterclaim and plaintiff's federal claims which would support a finding that such claims are compulsory under Rule 13 of the Federal Rules of Civil Procedure; and (2) defendants' counterclaim is not "so related" to plaintiff's FLSA claims that it forms part of the same case or controversy, which is a prerequisite to the exercise of supplemental jurisdiction over the counterclaim.

On September 1, 2022, plaintiff filed a complaint alleging wage and hour violations (failure to pay proper wages; overtime; spread of hours premiums; record keeping violations; and, associated liquidated damages). [Docket 1]

In their answer to plaintiff's complaint, defendants assert three (3) counterclaims against plaintiff for the tort of conversion; breach of duty of loyalty; and unjust enrichment. [Docket 10]

Defendants' counterclaims must be dismissed for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(1) motion to dismiss, the party asserting jurisdiction "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Id.* Here, defendant's New York State counterclaims do not present a federal question and defendants have not invoked this court's diversity jurisdiction. *See*, Answer, Docket 10. As such, there is no basis for the exercise of original subject matter jurisdiction, unless the defendant shows the counterclaims are either (1) compulsory under Rule 13 of the Federal Rules of Civil Procedure; or (2) so related to plaintiff's federal claims that an exercise of supplemental jurisdiction is appropriate.

Compulsory counterclaims are claims that must be stated in a responsive pleading. Here there is no connection between plaintiff's wage and hour claims and defendant's state law conversion claims, other than the unmistakable possibility that defendant's tort claim is retaliatory in nature and only commenced because plaintiff filed a claim for unpaid wages and overtime. The resolution of plaintiff's wage and hour claims will involve inquiry into her hours and pay, and defendant's payroll practices, timekeeping and recordkeeping systems, and the duties and responsibilities of the employer *vis à vis* its obligation to pay minimum wages and overtime compensation under federal and state law. Defendants' counterclaims, by contrast, allege economic harm suffered by the *defendant* corporation, because of plaintiff's alleged conduct. Defendant should not be permitted to confuse and pollute the issues to be litigated by bringing a retaliatory state law claim.

As defendants' counterclaims are not compulsory, they may be brought in this action only if defendants establish a valid basis for the exercise of supplemental jurisdiction. In a civil action in which the court has original jurisdiction, the district court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To constitute the same Article III case or controversy, the "state and federal claims much derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *see also*, *Ozawa v. Orsini Design Assoc.*, 2015 U.S. Dist. LEXIS 29933 at *32-34 (S.D.N.Y. 2015). In determining whether two disputes arise from a common nucleus of operative fact, courts inquire whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court. *Achtman v. Kirby, McInerney & Squire*, 464 F.3d 328, 335 (2d Cir. 2006).

Here, there is no common nucleus of operative fact that connects plaintiff's wage and hour claims to defendant's claims of conversion. The gravamen of plaintiff's FLSA claims is that defendants failed to comply with the assortment of legal requirements obligating them to pay their employees at the proper rate for all hours worked. The focus of defendants' counterclaims shift the case to the employer's alleged injuries. There is no overlap (much less substantial overlap) between the facts that underly plaintiff Karen Delgado's wage and hour claims and defendants' conversion claims. The only possible connection is that defendants' claims are blatantly retaliatory, brought because Ms. Delgado filed the within action. While such conduct

may yield damages for retaliation if defendants were to file suit in a different forum, retaliatory counterclaims to not vest this court with subject matter jurisdiction over the claims themselves.

  For the foregoing reasons, we respectfully ask the court grant the within request leave to move and set a date by which plaintiff should file her motion at twenty (20) days following the close of mediation which will be scheduled in this case. We request defendants be given two (2) weeks from the motion date to respond / oppose and that plaintiff be given two (2) weeks to reply.

  Thank you for your consideration of this matter.

          Respectfully submitted,

          CILENTI & COOPER, PLLC

          */s/ Peter Hans Cooper*

     By: _____

          Peter H. Cooper, Esq.

cc: Defense Counsel (Via ECF)