

# Seo Law Group, PLLC

136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

October 24, 2022

Diana Y. Seo, Esq.
Tel: (718) 500-3340
Fax: (718) 504-6987
Email: diana@seolawgroup.com

**VIA ECF**
Hon. Judge Lorna G. Schofield
United States District Court
Southern District of New York
(Foley Square)

  **Re:** **Delgado, et al v. 419 E. 70th Café, Inc. et al.**
     Case No. 1:22-cv-07446-LGS

Dear Judge Schofield:

  This office represents Defendants in the above referenced matter. Pursuant to the Court's October 18, 2022 Order, I write to submit Defendants' response to Plaintiff's October 17, 2022 letter motion requesting a scheduling order to dismiss Defendants' Counterclaims. (See, Dkt No. 16).

  Plaintiff's counsel's unsupported assertion that Defendants' counterclaims are "retaliatory" should be wholly ignored. This Court has subject matter jurisdiction over Defendants' counterclaims due to the fact that Defendants' counterclaims arise out of the same transaction or occurrence (e.g., Plaintiff's employment at Defendant York Grill and Juice Bar), which is the basis for the Plaintiff's allegations against Defendants.

  Plaintiff filed a complaint alleging wage and hour violations against Defendants for their alleged failure to pay proper wages and overtime compensation, along with other claims arising during her employment at York Grill and Juice Bar in her complaint. (See, Dkt No. 1).

  Plaintiff was terminated from York Grill and Juice Bar, specifically after her former co-workers reported her act of stealing from the tip jar and Defendants' cash register and Defendant Amine Nagi viewed video recordings capturing Plaintiff depositing the company's cash payments to her person. As clearly set forth in Defendants' answer and /counterclaims, these claims arise out of Plaintiff's conduct when she claims have been working for Defendants, the period for which she allegedly seeks additional compensation in this action.



**Defendants' Counterclaims Against Plaintiff Are Compulsory as A Logical Relationship Exists**

The counterclaims in this matter are compulsory as there is a clear logical connection between the claims made by Plaintiff and the counterclaims asserted by Defendants herein. These compulsory state law counterclaims require no independent basis of federal jurisdiction.

With regard to compulsory counterclaims, the Second Circuit has held that "[w]ith certain exceptions, Rule 13(a) requires a litigant to 'state as a counterclaim any claim ... if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim… .'" *Harris v Steinem*, 571 F2d 119 [2d Cir 1978]). The Second Circuit in *Harris,* further held that "this circuit, relying on the Supreme Court's interpretation of Rule 13's predecessor, has long looked to the 'logical relationship' between the claim and the counterclaim. This flexible approach to Rule 13 problems attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *(See, Id.)* (internal citations omitted).

The Court in *Markbreiter* held that "the 'logical relationship' between the complaint and the counterclaim is patent" as "the counterclaim seeks to recover compensation defendants paid to plaintiff for hours during which she allegedly was working for defendants whereas plaintiff seeks, at a minimum, to count those same hours in determining her entitled to overtime compensation." (*Markbreiter v Feinberg*, 2010 US Dist LEXIS 7549 [SDNY Jan. 29, 2010]) (holding, "[t]he focus of the entire case is on the single employer-employee relationship between the plaintiff and these defendants, *which necessarily involves the question whether plaintiff was doing what defendants hired her to do during the hours for which they paid her.*"). (*Id.)* (emphasis added).

Plaintiff's claims, in essence, that in return for her time spent and energy working at York Grill and Juice Bar, she is entitled to proper compensations, under law. All acts alleged in the counterclaim occurred during working hours and at the work site. In Plaintiff's complaint, Plaintiff alleged that she worked as a cashier, food preparer, cleaner and general helper at York Grill and Juice Bar and was not a tipped-employee. (See, Dkt No. l, ¶¶24,29).

Here, Defendants' counterclaims arise out of the same fact, e.g., Plaintiff was supposed to use her time and energy at York Grill and Juice Bar, but she was instead depositing money from the cash register and tip-jar and spending her time performing "self-help" remedies to rectify her perceived deficient wages. York Grill and Juice Bar did not hire Plaintiff to take cash payment from the cash register and the tip-jar while working during her work hours. As such, this directly affect the Plaintiff's hours worked and the purported pay.

Similarly, Plaintiff's undertaking of a schedule of depositing cash to her person from Defendants' cash register and tip-car was a usurpation of Defendants' monies on company time. During the same time period for which Plaintiff alleges that she is entitled to additional monies is the same time period for which Defendants' claim that she was not working for Defendants, Plaintiff was working on improper diversion of monies for her sole benefit. It directly relates not


only to wage and hour claims, but also directly relates Plaintiff's credibility and her claims alleged in the complaint.

## **Defendants' Counterclaims Surely Share a Common Nucleus of Operative Facts**

"Moreover, a compulsory counterclaim, unless specifically excepted, must be pleaded or be forever barred. [... ] The Federal Rules of Civil Procedure also allow a litigant to assert any non-compulsory counterclaim he has against the opposing party. Fed.R.Civ.P. 13(b). Such unrelated counterclaims are referred to as permissive, since a party need not plead them, but instead may bring a separate action on the claim in the forum of his own choosing. If a permissive counterclaim is raised in a federal district court, however, an independent jurisdictional ground is required … ." (See, *Harris* at 121-22).

"In determining whether two disputes arise from a 'common nucleus of operative fact,' we have traditionally asked whether "the facts underlying the federal and state claims substantially overlapped ... [or] the federal claim necessarily brought the facts underlying the state claim before the court."' *Achtman v. Kirby, Mcinerney & Squire, UP,* 464 F.3d 328, 335 (2d Cir. 2006) *citing*, *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)

"Once a common nucleus is found, a federal court's exercise of supplemental jurisdiction, 'while not automatic, is a favored and normal course of action."' *Rivera v. Ndola Pharmacy Corp.,* 497 F. Supp. 2d 381, 387 (E.D.N.Y. 2007) *citing*, *Promisel v. First American Artificial Flowers,* 943 F.2d 251, 254 [2d Cir.1991]).

The counterclaims in this matter, as set forth in the Answer and Counterclaim, and as set forth above, clearly arise out of the same common nucleus of operative fact. At minimum, the facts of Plaintiff's wage and hour claim and Defendants' counterclaims for how she spent her time during working hours, surely overlap. It is disingenuous for Plaintiff to allege these acts are not part and parcel of the same common nucleolus of operative facts.

As such, this Court should exercise supplemental jurisdiction.

I appreciate the Court's time and attention to this matter.

Respectfully Submitted,

Seo Law Group, PLLC

By: __/s/ *Diana Seo*_____
Diana Y. Seo, Esq.
*Attorneys for Defendants*

cc: All counsel of record (via ECF)