# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
60 East 42nd Street – 40th Floor
New York, New York 10165
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102

March 3, 2023

**VIA E-MAIL**

Honorable Lorna G. Schofield, D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Karen Delgado v. 419 E. 70th Cafe Inc., et. al.*
    Case No.:    22 Civ. 7446 (LGS)

Dear Judge Schofield,

We are counsel to the plaintiff in the above-referenced matter, and jointly submit this letter with defendants' counsel for the Court's assessment and approval of the settlement agreement ("Agreement") reached between the parties. The Agreement is being submitted contemporaneously with this letter (Exhibit "A"), and the parties respectfully request that the Court approve the Agreement because it represents a fair resolution of this matter, negotiated at arm's length between experienced counsel, with the assistance of a court appointed mediator.

### I. *The Need for the Court's Approval of the Agreement*

As plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. *See* 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially supervised stipulated settlements. *See also D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *see also Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).

### II. The Parties

#### a. <u>Defendants</u>

Defendants own and operate York Grill, a restaurant in the Upper East Side. The store is open 24/7.

#### b. <u>Plaintiff</u>

Karen Delgado alleged that she worked sixty (60) hours per week during a period of almost two (2) years. She alleged that she was paid hourly, straight time, at $14.00 per hour for six (6) months, and then $15.00 per hour. She alleged that she is owed the overtime premium which she did not receive and has a small minimum wage claim.

### III. Settlement Value and History of Negotiations

The parties began exchanging records, calculations and settlement positions at the beginning of the lawsuit, prior to meeting with a court-appointed mediator last month. Ultimately, all parties ultimately accepted a settlement recommendation of the mediator. This court can be assured that the settlement reached was the product of an arms-length negotiations, with all parties competently represented by experienced counsel and during an extensive mediation process.

### IV. Settlement Amount

As reflected in the attached Agreement (Exhibit "A"), the parties agreed to settle the case for a total of total amount of twenty-nine thousand dollars ($29,000.00). Such payment shall be made in six (6) equal installments, each in the amount of four thousand eight hundred thirty-three dollars and thirty-three cents ($4,833.33), beginning monthly fourteen (14) days after the Court approves the Agreement and dismisses the action with prejudice. The parties respectfully ask the court to retain jurisdiction to enforce the terms of the settlement. All parties expressed appreciation to each other for cooperating professionally and reaching this resolution.

### V. The Agreement is Fair and Reasonable

We believe this settlement to be a fair resolution to this litigation, due to *bona fide* disputes about plaintiff's claims and the economic realities involved.

An FLSA settlement should receive judicial approval when it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.,* 900 F. Supp.2d 332, 335 (S.D.N.Y. 2012). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc*., No. 07 Civ. 86, 2008 U.S. Dist. LEXIS 20786, at *2 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores*, *supra*, 679 F.2d at 1354)); *see also In re Penthouse Executive Club Compensation Litig.,*

No. 10 Civ. 1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

Here, the settlement did not result because of "overreaching" by the employer. To the contrary, the settlement was reached mediation during litigation proceedings. Courts typically regard the adversarial nature of this kind of litigated FLSA case to be a strong indicator of the fairness of the settlement. *See Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825, 2013 U.S. Dist. LEXIS 47637 at *9 (S.D.N.Y. Apr. 13, 2013).

In confidential communications with the mediator, plaintiff's counsel expressed a range of reasonable resolutions based upon the allegations and damages calculations and this settlement falls within that range. Indeed plaintiff's counsel calculated plaintiff's "best case scenario" minimum wages owed to be $1,000; overtime owed to be $15,000 and liquidated damages would be $16,000.

In light of the various disputes presented in the litigation and distilled for the mediator in private communications, we believe it is clear that this settlement should be approved. By settling now, plaintiff receives a significant portion of his calculated unpaid wages even after attorneys' fees are accounted for, while enabling the parties to avoid the risks and substantial exposures inherent in any trial.

## VI. *Application for Attorneys' Fees*

Pursuant to this firm's retainer agreement with plaintiff, our firm will retain one-third of the net settlement after the firm's costs (the filing fee, service of process). Therefore, plaintiff's counsel seeks $10,008 in fees and costs, which is below the firm's lodestar. (*See*, Exhibit "B")

Attorneys' fees in FLSA settlements are examined to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *See Wolinsky v. Scholastic*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). In this case, plaintiff's counsel fee of one-third is reasonable. Of course, had the case proceeded, assuming plaintiff prevailed, plaintiff's counsel would have made a fee application for much more than the amount currently sought in fees.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensation plaintiff's attorneys in FLSA settlements. *See Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement); *see also Hiang v. Chiang*, No. 16 Civ. 1129, 2016 U.S. Dist. LEXIS 142670, at *7-8 (S.D.N.Y. Oct. 14, 2016) (awarding attorneys' fees of one-third of settlement amount in FLSA case); *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15 Civ.

6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one-third of gross settlement); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of the FLSA settlement amount); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).

In the case at bar, prosecution of this matter began with drafting and filing of the complaint; managing document discovery; litigation over defendants' counterclaim, and mediation. Through present, Cilenti & Cooper, PLLC incurred over thirty-five (35) hours of attorney time. (Exhibit "B") Plaintiff is without the means to pay litigation counsel, and Cilenti & Cooper, PLLC has not received any remuneration for its time, or reimbursement of its expenses.

The Second Circuit and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonably number of hours required by the case – creates a "presumptively reasonable fee". *Millea v. Metro-North R. Co*., 658 F.3d 154, 166 (2d Cir. 2011), *citing, Perdue v. Kenny A. ex. rel. Winn*, 130 S.Ct. 1662, 16 73 (2010). In *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008), the Second Circuit defined the reasonable hourly rate as "the rate a paying client would be willing to pay." The party seeking attorneys' fees has the burden of establishing "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rozell v. Ross-Holst*, 576 F.Supp.2d 527, 544 (S.D.N.Y. 2008).

Under the lodestar approach, fees are reimbursed for hours expended at the reasonable hourly rate for an attorney in the relevant community. The relevant community for rate setting purposes is the judicial district in which the trial Court sits, which is the Southern District. Cilenti & Cooper, PLLC also has its offices in the Southern District, in Manhattan.

Plaintiff's attorney, Peter H. Cooper, Esq., is the founding partner of the firm. He graduated with from Vermont Law School with a J.D. in 1995, where he was an Editor of the Vermont Law Review. In the twenty (20) years since he was admitted to practice in the State of New York and the Southern District of New York, he has litigated thousands of cases from inception through disposition. He has practiced in New York State Supreme Court, the Appellate Divisions of the New York Supreme Court, and the Federal District Courts for the Southern and Eastern Districts of New York. He has also appeared before the New York Court of Appeals. Since he formed Cilenti & Cooper, PLLC in 2009, Mr. Cooper's practice has been largely devoted to representing individuals who are unable to pay for the services of an attorney out of pocket. Mr. Cooper has lectured on the topic of wage theft in New York at LaGuardia Community College and the Borough of Manhattan Community College.

In 2009, the court in *Vilkhu v. City of New York*, surveyed attorneys fees awards in the Southern District, and noted "[a] review of precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600", with average amounts increasing over time. *Vilkhu v. City of New York*, 2009 U.S. Dist. LEXIS 73696 at *13 (E.D.N.Y. 2009); *see also*, *Barbour v. City of White Plains*, 788 F.Supp.2d 216, 225 (S.D.N.Y. 2011) (awarding a $625 rate for an experienced civil rights litigator and $450 per hour for an attorney with substantial legal experience); *Rozall v. Ross-Holst*, 576 F.Supp.2d 527, 547 (S.D.N.Y. 2008) (awarding $600 per hour for a partner in an employment discrimination case).

For all of the reasons set forth above, the parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter for purposes of enforcing the Agreement.

We thank the Court for its consideration of this matter.

                                                     Respectfully,

                                                     /s/ *Peter H. Cooper*

                                                     Peter H. Cooper

cc:      Diana Seo, Esq. (Via E-mail and ECF)